**Opinion filed February 1, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00004-CR

_____

**LEON FLETCHER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. 011444**

## M E M O R A N D U M   O P I N I O N

Appellant, Leon Fletcher, filed a pro se notice of appeal of his conviction. Appellant pleaded not guilty to the first-degree felony offense of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. 22.021(a), (e) (West 2019). The jury found Appellant guilty of the offense, and, on April 19, 2017, the trial court assessed his punishment at twenty years of imprisonment in the Institutional Division of the Texas Department of Criminal Justice. We dismiss this appeal.

When this appeal was docketed, we notified Appellant by letter that his notice of appeal appeared to be untimely, and that the trial court's certification indicated that Appellant had waived his right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d), 26.2(a); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018); *Fletcher v. State*, No. 11-17-00146-CR, 2017 WL 2986761, at *1 (Tex. App.—Eastland July 13, 2017, no pet.) (dismissing appeal for want of jurisdiction because Appellant waived his right of appeal). In our letter, we requested that Appellant respond and show grounds to continue the appeal, and we notified Appellant that this appeal may be dismissed. Appellant filed a response but has not shown any grounds upon which this appeal may proceed.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal must be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. TEX. R. APP. P. 26.2(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). Appellant filed his pro se notice of appeal nearly six years after his sentence was imposed in open court. The notice of appeal was therefore untimely. Absent a timely filed notice of appeal, we do not have jurisdiction to entertain this appeal.[1] *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

Moreover, even if Appellant had timely perfected an appeal, the appeal would have been prohibited by Rule 25.2 of the Texas Rules of Appellate Procedure, which

---

[1]To the extent Appellant's notice of appeal indicates that he is seeking post-conviction relief, we note that the Texas Court of Criminal Appeals has exclusive jurisdiction in post-conviction felony proceedings. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding). We further note that Appellant filed a post-conviction writ of habeas corpus with the Court of Criminal Appeals in 2020, which was denied. *See Ex parte Fletcher*, WR-37,919-05 (Tex. Crim. App. Aug. 12, 2020) (not designated for publication).

provides that an appellate court must dismiss an appeal without further action where, as here, there is no certification showing that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Fletcher v. State*, 2017 WL 2986761, at *1; *see Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005).

We dismiss the appeal for want of jurisdiction.


JOHN M. BAILEY
CHIEF JUSTICE


February 1, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.